## STATE v. STEPHEN D. TAYLOR.

Court of Chancery. Kent. In Vacation. January, 1823.

*Ridgely's Notebook IV, 107.*

The following is the copy of the record and judgment made by THE CHANCELLOR, except the abbreviations and figures.

And now, to wit, this 11th Jany. 1823, Stephen D. Taylor, named in the annexed writ of *hab. corp.,* brings here before me, N. R. Chancellor, at my Chambers, the body of the said Reese Morris, named in said writ, and makes return of said writ, and certifies the cause of the capture and detention of the said R. M. as the same is endorsed on said writ. And thereupon H. Harman, the mother of said Reese, who, together with her counsel, Martin W. Bates, are here present before the Chancellor, by her said counsel prays farther time to make suggestions against the return aforesaid of said S. D. T. And thereupon farther time is given, and the farther hearing of this case to the 13th day of the said month of January, to the town of Dover.

And now the said Reese Morris, named in said writ of *hab. corp.,* makes suggestion against the said return of the said S. D. T. here at Dover on the 13th Jany. aforesaid, the said S. D. T., Reese Morris, and H. Harman, the mother of the said R. M. and Martin W. Bates, counsel for said H. and acting to obtain the discharge of the said Reese, being here present before the Chancellor. And the said parties respectively pray that summons should issue for their witnesses respectively that the material facts may be ascertained. Whereupon a summons is issued for John Bell, Thomas Stevenson and James Stevenson, witnesses for the State; and another summons is issued for George Amos, Mary Knight, Thomas York and Eleanor Jester, witnesses for the said S. D. T., both of which said summonses are returnable on Wednesday, the 15th day of this said month of

Jany. aforesaid at the Chambers of the Chancellor. And the farther hearing—

So the record proceeds with the case, which is here omitted, to the final hearing and the judgment. The judgment is as follows:

And all the proof of the parties being made, it appears to the Chancellor that the said H. Harman, mother of the said Reese, when a single woman, the said Reese being illegitimate, about the month of February, 1816, when the said Reese was between 2 and 3 years old, carried the said R. to the said S. D. T. to learn the trade of a blacksmith, when he the said R. should be sufficiently old and grown for that purpose, and that she intended and promised the said S. D. T. to bind said R. to the said S. D. T. to learn said trade, and that said Reese has continued to reside with the said S. D. T. ever since until this time. And it farther appears to the Chancellor that the said S. D. T. is as competent now to teach the said Reese the trade of a blacksmith as he then was; but that the said R., though a healthy, hearty child, is at present too small and too young to be put to the said business. And it farther appears to the Chancellor that the said Reese has been maintained entirely by the said S. D. T. at his, the said S. D. Taylor's, own proper cost and expense, for nearly 7 years, while the said R. was unable to render any service. And the said Reese now beginning to be useful, it seems to the Chancellor that it would be unjust to remove the said R. from the said S. D. Taylor unless compensation were made to the said S. D. T. for so raising and maintaining the said R. since February, 1816. And that said S. D. Taylor offering to yield up the said R. M. upon the payment of 50 dlls. to him as a compensation for the raising and maintaining the said R. as aforesaid for the time aforesaid, which offer Gabriel Harman, the husband of the said H., here before the Chancellor absolutely rejects; and the said offer of the said S. D. T. being in the opinion of the Chancellor reasonable, and the said H. refusing, and having refused to bind the said Reese to the said S. D. T. as she originally intended and promised; and it appearing to the Chancellor to be the object of the said Hannah, now the said R. is beginning to be useful and to be able to render some compensation for the expenses in maintaining him as aforesaid, to get possession of the said R. for the benefit and advantage of her, the said H., and her husband, Gabriel Harman, without making satisfaction to the said S. D. T. for his care, expenses and trouble in raising and maintaining said R.

since the said month of February, 1816; and, as the said R. M. tho' too young to influence the decision by his will, appears to be fed and well clothed, and manifestly prefers remaining with the said S. D. T. and seems to have an affectionate attachment to the said Stephen D. Taylor, it is ordered by the Chancellor that the said Reese Morris be, and is hereby remanded to the custody of the said Stephen D. Taylor.

NOTE. 3 Burr. 1434, *Rex v. Delaval et al.,* 1 Bl.R. 410, 3 Burr. 1436, the court are bound, *ex debito justitio* to set the infant free from improper restraint. But they are not bound to deliver the infant over to anyone, nor to give the infant any privilege, though he has a privilege *redeundo,* unless the court should see ground to declare the contrary. 3 Burr. 1437, the true rule is that the court are to judge upon the circumstances of the particular case and to give their directions accordingly.